

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-25-00349-CV

Shondalyn **MCINTYRE**,
Appellant

v.

**ASSESSMENT INTERVENTION MANAGEMENT, LLC**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2025-CI-00623
Honorable Angelica Jimenez, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
Lori I. Valenzuela, Justice
Velia J. Meza, Justice

Delivered and Filed: July 29, 2026

AFFIRMED

In two issues, appellant Shondalyn McIntyre appeals the trial court's final order granting appellee Assessment Intervention Management, LLC's ("AIM") plea to the jurisdiction and Rule 91a motion to dismiss McIntyre's claims. Specifically, McIntyre argues she exhausted her administrative remedies before filing suit against AIM and that AIM tortiously interfered with its contract with McIntyre. We affirm.

## BACKGROUND

AIM, a company that provides educational services to charter schools and school districts, executed a contract with McIntyre to serve as Special Education Coordinator as an independent contractor for AIM. According to McIntyre, throughout the time she worked for AIM, two of its employees—Beth McCurry, Special Education Director, and Bea Fallis, Executive Director of Special Education Programs—committed "acts of discrimination, misclassification, and retaliation" against McIntyre. After ten months of working for AIM as an independent contractor, McIntyre requested that her work status be changed from independent contractor to employee. AIM denied McIntyre's request.

Then, after working with a specific school for approximately two years, McIntyre and McCurry exchanged several emails wherein McCurry informed McIntyre that she would no longer be working with that school because AIM was changing how it would provide services to that school. Additionally, McCurry requested biweekly meetings with McIntyre during normal business hours, to which McIntyre claimed the meetings were cumbersome and difficult to do during the business hours. Fallis and McCurry then corresponded with McIntyre instructing her to limit her hours of work and billing. McIntyre refused, claiming she was being treated as an AIM employee rather than an independent contractor who, according to the contract she signed with AIM, could refuse any project, client, service, or assignment. AIM terminated the contract.

McIntyre received additional correspondence that her contract was terminated based on "client's feedback" from the school she had worked with for almost two years. McIntyre contended, to the contrary, she had received numerous verbal and written accolades of appreciation from the school's staff, and she was informed by the school's Special Education Coordinator that

the staff was sad to see her go. The contract provided McIntyre could be terminated with or without cause.

Before suing under chapter 21 of the Texas Labor Code, McIntyre filed an administrative charge of discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC") and received her notice of right to sue (the "right-to-sue letter"). McIntyre alleged in her petition that she filed her lawsuit against AIM within two years of filing her administrative charge as required under chapter 21. McIntyre sued AIM for misclassification, race discrimination, retaliation, hostile work environment, and tortious interference with a contract.

AIM filed its plea to the jurisdiction arguing McIntyre failed to exhaust her administrative remedies before the Texas Workforce Commission (the "TWC") as required by the Texas Commission on Human Rights Act (the "TCHRA"). Additionally, AIM also filed a Rule 91a motion to dismiss McIntyre's tortious interference claim. Following a hearing, the trial court granted both AIM's plea to the jurisdiction and Rule 91a motion to dismiss resulting in the dismissal of McIntyre's claims against AIM.

McIntyre appeals.

## PLEA TO THE JURISDICTION

In her first issue, McIntyre asserts that because she exhausted her administrative remedies before the TWC when she filed her administrative charge with the EEOC, the trial court should not have granted AIM's plea to the jurisdiction.

### A. Standard of Review and Applicable Law

"A plea to the jurisdiction is a dilatory plea that defeats a cause of action whether the claims have merit or not." *Am. K-9 Detection Servs., LLC v. Freeman*, 556 S.W.3d 246, 267 (Tex. 2018).

"[W]e review a trial court's ruling on a plea to the jurisdiction de novo." *Hous. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016).

When a plea to the jurisdiction challenges the pleadings, we must determine "if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case." *Meyers v. JDC/Firethorne*, Ltd., 548 S.W.3d 477, 486 (Tex. 2018). "We construe the pleadings liberally in favor of the plaintiff[] and look to the pleader's intent." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We consider the relevant jurisdictional evidence submitted by the parties, taking as true all evidence favorable to the plaintiff, indulging all reasonable inferences and resolving all doubts in the plaintiff's favor. *Id*. at 228. If the defendant asserts, and supports with evidence, that the trial court lacks subject matter jurisdiction, the burden shifts to the plaintiff to show a disputed material fact concerning jurisdiction exists. *Id*. "Our ultimate inquiry is whether the particular facts presented affirmatively demonstrate a claim within the trial court's subject-matter jurisdiction." *City of San Antonio by & Through City Pub. Serv. Bd. of San Antonio v. Smith*, 562 S.W.3d 75, 79 (Tex. App.—San Antonio 2018, pet. denied).

"As a prerequisite to filing suit, 'a TCHRA action requires an exhaustion of administrative remedies that begins by filing a complaint with the Texas Workforce Commission civil rights division[.]'" *United Indep. Sch. Dist. v. Mayers*, 665 S.W.3d 775, 782 (Tex. App.—San Antonio 2023, no pet.) (quoting *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010)); *see also* TEX. LAB. CODE ANN. § 21.201. If the administrative process results in a right-to-sue letter, a plaintiff alleging TCHRA violations "may bring a civil action against" a defendant employer within sixty days of receiving that letter. TEX. LAB. CODE ANN. § 21.254. Additionally, "[a] civil action may not be brought under [the TCHRA] later than the second anniversary of the date the [administrative] complaint relating to the action is filed." *Id*. § 21.256. "Section 21.256's two-year

statute of limitations 'is separate from and in addition to the requirement of section 21.254 that suit must be filed within sixty days of receiving notice of the right to sue.'" *See Mayers*, 665 S.W.3d at 782 (quoting *Univ. of Tex.-MD Anderson Cancer Ctr. v. Porter*, No. 14-17-00107-CV, 2017 WL 5196146, at *3 (Tex. App.—Houston [14th Dist.] Nov. 2, 2017, no pet.) (mem. op.)); *Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 701 (Tex. App.—Austin 2012, pet. denied) (holding TCHRA complainant must satisfy both section 21.254 and section 21.256); *see also* Tex. Lab. Code Ann. §§ 21.254, 21.256.

### B. Analysis

Based on the record before us, McIntyre's EEOC's right-to-sue letter, dated May 3, 2023, indicates the EEOC closed McIntyre's charge because she was "not in an employment relationship with the respondent[,]" AIM. We cannot locate in the appellate record an indication that McIntyre's EEOC charge was considered a dual filing with the TWC, or that McIntyre filed a separate charge with the TWC. Moreover, AIM attached to its amended plea to the jurisdiction a certified copy of records from the TWC stating that after a diligent search and review of its files, "no responsive documents" associated with McIntyre and a civil rights employment discrimination investigation exist. At the hearing, McIntyre responded by claiming her EEOC filing was a dual filing, thereby satisfying the administrative prerequisite of filing a charge with the TWC, because the EEOC has "jurisdiction over federal and state law which is an overlap with the TWC[.]"

McIntyre attached to her appellate brief an EEOC letter, dated May 1, 2023, indicating: her EEOC charge of discrimination was dual-filed with the TWC, the TWC acknowledged the filing of the charge, and the TWC intended to defer its investigation. This letter, however, is not in the appellate record before us. It is well established that documents attached to an appellate brief or

pleading as exhibits or appendices are not part of the formal record on appeal[1] and may generally not be considered by the appellate court. *Democratic Schs. Rsch., Inc. v. Rock*, 608 S.W.3d 290, 305 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *Fuentes v. Union de Pasteurizadores de Juarez S.A. de C.V.*, 527 S.W.3d 492, 502 (Tex. App.—El Paso 2017, no pet.); *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied). Because the letter was not properly presented to the trial court and included in the record on appeal, we cannot consider it in our review.

Because the trial record lacks evidence that McIntyre filed a complaint with the TWC, we conclude McIntyre did not exhaust her administrative remedies with the TWC; and thus, cannot satisfy the jurisdictional requirements to file suit against AIM for employment discrimination. *See Mayers*, 665 S.W.3d at 782. Therefore, the trial court did not err in granting AIM's plea to the jurisdiction dismissing McIntyre's race discrimination, retaliation, and hostile work environment claims, as well as her misclassification claim as that claim is subsumed in her discrimination, retaliation, and hostile work environment allegations.

Accordingly, we overrule McIntyre's first issue.

### RULE 91a DISMISSAL OF CLAIMS

In her second issue, McIntyre argues the trial court erred in granting AIM's Rule 91a motion to dismiss her tortious interference claim against AIM.

*A. Standard of Review and Applicable Law*

Rule 91a provides a procedure for dismissal of a case that has no basis in law or fact. *See* TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true,

---

[1] Pursuant to recent amendments to the appellate rules, an appellant in a civil case may elect to file an appendix in lieu of a clerk's record if, within ten days after the notice of appeal is filed, the appellant also files a notice of election with the trial court and with the court of appeals. TEX. R. APP. P. 34.5a. McIntyre did not file such a notice with this court.

together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id*. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id*. We review de novo whether a cause of action has any basis in law or fact. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016).

A Rule 91a motion to dismiss must "state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2. "In ruling on a Rule 91a motion to dismiss, a court may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (citing TEX. R. CIV. P. 91a.6).

We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, accept the plaintiff's factual allegations as true, and, if needed, draw reasonable inferences from the factual allegations to determine if the cause of action has a basis in law or fact. *Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448, 450 (Tex. App.—San Antonio 2016, pet. denied) (citing TEX. R. CIV. P. 91a.1).

The elements of tortious interference with a contract are: (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss. *See Prudential Ins. Co. of Am. v. Fin. Review Svcs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). A party cannot tortiously interfere with its own contract. *See Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995); *see also In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 761 (Tex. 2006). Nor do the acts of a party's agents interfere with its principal's contract, except for actions completely contrary to the principal's interests. *See In re Vesta*, 192 S.W.3d at 761 (citing *Holloway*, 898 S.W.2d at 796). In other words, "a person must

be a stranger to a contract to tortiously interfere with it." *Morgan Stanley & Co., Inc. v. Tex. Oil Co.,* 958 S.W.2d 178, 179 (Tex.1997).

 *B. Analysis*

 McIntyre alleges in her petition that "[AIM], by and through its agents, [McCurry and Fallis], willfully and intentionally misrepresented and fabricated that [McIntyre]'s contract was terminated 'per client feedback,' without any representation that the decision was an 'act of AIM's board;' and that "[AIM] acted willfully and intentionally to serve its own personal interests at [McIntyre]'s expense, given that [McIntyre] specifically challenged her classification as an independent contractor."

 McIntyre's petition alleges that McCurry and Fallis are AIM's agents but does not allege that they acted willfully or intentionally to serve their own interests rather than those of AIM's. *See id*.; *see also Holloway*, 898 S.W.2d at 796. Based on the record before us, McCurry and Fallis acted consistently with AIM's interests, and therefore, as AIM's agents, AIM cannot tortiously interfere with its own contract. *See Latch*, 107 S.W.3d at 545; *see also Holloway*, 898 S.W.2d at 796. Under these circumstances, the trial court did not err in granting AIM's Rule 91a motion to dismiss McIntyre's tortious interference claim.

 Accordingly, we overruled McIntyre's second issue.

### CONCLUSION

 Having overruled McIntyre's appellate issues, we affirm the trial court's final order granting AIM's plea to the jurisdiction and Rule 91a motion to dismiss McIntyre's remaining claim.

Irene Rios, Justice